## PHILLIPS v. TARRIER CO. OF DELAWARE.

### No. 8535.

Circuit Court of Appeals, Fifth Circuit.

Jan. 4, 1938.

H. M. Voorhis, of Orlando, Fla., for appellant.

George J. Baya, of Miami, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

From an order denying his application to amend his schedules in bankruptcy to add appellee as a creditor, and to reopen the estate to have his discharge effective against it, the bankrupt appeals. This is the record.

On May 29, 1935, appellant was adjudicated a bankrupt. There was a first meeting of creditors June 21, 1935, appellee not being listed as one. No assets being available to pay dividends, no trustee was appointed, the case was closed, and appellant was granted a discharge on August 8, 1935. On February 20, 1937, appellant filed his petition in the bankruptcy proceeding, praying authority to amend his schedules to list Tarrier Company, the appellee, as a creditor, and that thereupon his discharge be adjudged effective against that company.

Upon the filing of the petition the District Judge entered an order ex parte allow-

ing the amendment of the schedules, and directing appellee to appear and show cause why the discharge should not be effective against its debt. On April 2 appellee filed its return to the motion to show cause, and its motion to strike appellant's petition and vacate the prior order.

On May 29, 1937, the District Judge entered the order appealed from. This order vacated and set aside the former order, and denied appellant all the relief he sought. This appeal tests that order for error.

Appellant urges that his failure to schedule appellee as a creditor was unintentional, due entirely to mistake and inadvertence, and that no injury was done appellee thereby. He insists that the District Judge had power to, and that he ought, in the exercise of an informed and just discretion, to have granted his petition, permitted him to amend his schedules and made his discharge effective as to appellee. Appellee, on its part, insists that upon the showing made, the District Judge could not, and if he could, he ought not to have ordered otherwise than he did.

We agree with appellee that the order appealed from was rightly entered. The fact that the Tarrier Company is barred by section 57n of the Bankruptcy Act, as amended, 11 U.S.C.A. 93(n), from now filing and presenting its claim. First National Bank v. Virginia Oil & Ref. Co., 5 Cir., 86 F.2d 770; Burton Coal Co. v. Franklin Coal Co., 8 Cir., 67 F.2d 796, operates, we think, as a complete barrier to the relief appellant asks.

In in Re Hawks, 114 F. 916, the Circuit Court of Appeals for the Eighth Circuit held that the District Court was without power in a situation of this kind, to entertain the application. Appellant cites our case, Williams v. Rice, 5 Cir., 30 F.2d 814, as in effect holding the contrary. That case was one in which, because of exceptional circumstances of fraud on the part of the bankrupt, the estate was reopened, to administer concealed assets, and therefore proof of claim was allowed. No exceptional circumstance whatever is presented here. There is merely a case of negligence and inattention in the matter of preparing and filing schedules, and twenty-one months thereafter, an effort to invoke a jurisdiction which if it exists, is greatly exceptional, and to be exercised, if at all, only in cases of appealing equities. It being entirely clear here that no exceptional circumstances are made to appear, and that if the court had power to entertain the petition it ought not to do so, we find it unnecessary to decide, and we do not decide, whether, upon a showing of exceptional circumstances having equitable appeal, a District Court would have power to open an estate to permit the schedules to be amended, so as to work a discharge of an unscheduled debt.

It follows inevitably, we think, that if, as in First Nat. Bank v. Virginia Oil & Ref. Co. and Burton Coal Co. v. Franklin Coal Co., supra, creditors are prevented after six months from filing their claims so as to participate in unadministered assets, the bankrupt on the showing made here ought not to be permitted to open an estate and require an unscheduled claim to be filed, in order to obtain a discharge from it.

The order is affirmed.