### In re GROSSMAN.

### No. 9240.

District Court, M. D. Pennsylvania.

Dec. 2, 1941.

Wickersham & Wickersham, of Harrisburg, for bankrupt.

William B. Rosenberg, of Harrisburg, for creditors.

JOHNSON, District Judge.

This is a petition by the above named bankrupt to review an order of the referee refusing the bankrupt's application to reopen his estate and amend his schedules in bankruptcy, in order to have his discharge effective against a claim not scheduled.

On November 7, 1935, petitioner was adjudicated a bankrupt upon his voluntary petition. There was a first meeting of creditors on December 4, 1935, O. K. Kines and F. W. Dodge Company not being listed as creditors. A trustee was appointed, giving bond in the sum of $1,000. On December 9, 1938, the trustee filed his account showing total receipts of $60. There were no assets available to pay dividends to creditors, and the case was closed. The bankrupt was discharged on July 9, 1937. On May 20, 1941, the bankrupt filed his petition seeking authority to amend his schedules, and praying that thereupon his discharge be adjudged effective against O. K. Kines and the F. W. Dodge Company.

The application to reopen this estate was made almost four years after the bankrupt had been granted a discharge. The only explanation by the bankrupt why these two creditors were not scheduled is that "through some error, some way or mistake", they were not scheduled. There are no unadministered assets. There is merely a case of negligence and inattention in the matter of preparing and filing schedules, which negligence and inattention the bankrupt seeks to correct almost six years after he originally filed his schedules in bankruptcy and over four years after he received a discharge. No exceptional circumstances appear which would appeal to the bankruptcy court as a court of equity, and no good cause has been shown for reopening the estate. The facts of this case are exactly similar to those before the court in Phillips v. Tarrier Co. of Delaware, 5 Cir., 93 F.2d 674, certiorari denied 303 U.S. 655, 58 S.Ct. 759, 82 L.Ed. 1115, and the decision must be the same.

It is ordered that the bankrupt's petition to review the order of the referee is dismissed, the order of the referee is approved and confirmd for the reasons above stated, and the petition to open the above bankrupt estate is denied.