**In re Joel Wilson RIDILL, aka Joel W. Ridill, Lynn Joyce Ridill, aka Lynn J. Ridill, Bankrupts.**

**Bankruptcy Nos. 75–07648–PE, 75–07649–PE.**

**Civ. No. 78–3009–WMB.**

United States District Court, C. D. California.

Nov. 2, 1979.

217

William P. Paulson, Laguna Niguel, Cal., for bankrupt-appellant.

Trustee Robert H. Stopher, Santa Ana, Cal., acted as his own attorney on appeal.

## ORDER

WM. MATTHEW BYRNE, District Judge.

Appellants appeal the July 10, 1978 Order of the Bankruptcy Court denying a Motion to Determine the Value of Homestead Exemption for the bankrupts' residence at 29391 Las Cruces Street, Laguna Niguel, California. On April 28, 1975, Appellants, Joel Ridill and Lynn Ridill, filed petitions in bankruptcy. In the bankruptcy proceedings, Appellants claimed a $20,000.00 exemption for their homesteaded property. On June 17, 1975, the trustee filed a supplemental report of the exempted property which allowed a homestead exemption of $15,000.00 and denied any claim for exemption in excess of that amount. No objection to the exemption allowance was filed.

The Ridills' bankruptcy cases were closed on April 23, 1976. On December 13, 1977, Appellants moved to reopen their cases and the motion was granted. On April 19, 1978, Appellants filed a Motion to Determine the Value of the Homestead Exemption. In their Motion, Appellants claimed that under California Civil Code § 1260 the maximum homestead exemption was $20,000.00 and that they were entitled to an exemption in excess of the trustee's allowance of $15,-000.00. Appellants further asserted that the allowed exemption was void because it was filed seven days later than the Rules of Bankruptcy Procedure, Rule 403(b) requirement that the exemption be filed within fifteen days of the qualification of the trus-

218

tee. Appellants also urged that their failure to object to the exemption allowance within the fifteen days of filing as required by Rule 403(c) is excused by the trustee's non-compliance with Rule 403(b).

■ The question presented on appeal is whether the denial of Appellants' Motion was a valid exercise of the Bankruptcy Court's discretion. Acceptance or denial of an application to redetermine the issues settled in a final bankruptcy court order is within the sound discretion of the Bankruptcy Court, and review by the District Court is limited to determining if the decision involved an abuse of discretion. 1 *Colliers' On Bankruptcy,* § 2.12. The findings adopted by the reviewing court will not be set aside unless "clearly erroneous." *Kimm v. Cox,* 130 F.2d 721, 741 (8th Cir. 1942).

■ Bankruptcy cases may be reopened on a proper and timely showing of merit. Rule 515 of the Rules of Bankruptcy Procedure states: "A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt or for other good reason." Rule 924 incorporates Rule 60 of the Federal Rules of Civil Procedure but states that a motion to reopen a case is not subject to the one-year limitation therein. Federal Rule of Civil Procedure 60(b) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . . (4) the judgment is void; . . . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered and taken.

■ Thus, it is apparent that despite the removal of the mandatory one year limit in bankruptcy actions, a motion for relief from judgment must be made within a reasonable time. Laches, or delay caused by lack of due diligence, may also be valid grounds for the denial of such a motion. In *Crosby v. Mills,* 413 F.2d 1273, 1276 (10th Cir. 1976), the court stated: "Laches is an important consideration in bankruptcy proceedings because the chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.' [quoting *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467 [15 L.Ed.2d 391] (1966)]."

■ It would appear that Appellants' lengthy delay in objecting to the trustee's valuation of the exemption was unreasonable. Appellants offer no extenuating circumstance to excuse such an unreasonable delay. Appellants and their counsel received notice of the trustee's exemption report but filed no objection as it did not appear to be detrimental to their interests in that a sale of the residence at that time would not have realized an equity in excess of the trustee's exemption allowance. Subsequent inflation has changed this situation. However, a mistake in judgment is not a proper ground for relief when it subsequently develops that the choice was unfortunate. *See* 7 *Moore's Federal Practice* § 60.22.

■ The equitable doctrine of laches is applicable and the Order of the Bankruptcy Court denying Appellants' Motion as untimely was a valid exercise of discretion.

■ Appellants' claim that the exemption was void is without merit. The Bankruptcy Act, 11 U.S.C. § 11(a)(2), empowers the trustee to determine the amount of the exemption. His seven day delay, allegedly caused by the tardy receipt of the claim from Appellants, does not appear to have prejudiced Appellants since they waited two and a half years beyond the 403(c) statutory 15 day period before raising their objection.

While it does not appear that the trustee's seven day delay in the filing of the exemption prejudiced Appellants, a redetermination of the exemption might well prejudice the creditors who have been in rea-

sonable reliance on the final adjudication of the bankruptcy since April 28, 1976. The court in *In re Perl*, 47 F.2d 923, 924 (3rd Cir. 1930), found that late filing of trustee reports might afford grounds for relief, but there the objector was prejudiced and here they are not. It was stated in *Knox v. Lines*, 463 F.2d 561, 566 (9th Cir. 1973), that exemptions might be re-evaluated where there was an acceptable justification for the failure to comply with the statutory time limits to raise objection, and where there was an absence of prejudice to non-moving parties. Appellants can meet neither of these two conditions. In *Knox*, the delay was four days, whereas here it is a matter of years.

In addition to the bar of laches and lack of due diligence, there is the further consideration that final judgments of the courts serve a useful social function and are not lightly disturbed. *See,* 7 *Moore's Federal Practice* §§ 60.02, 60.19.

Accordingly,

IT IS ORDERED that the decision of the Bankruptcy Court is affirmed.