**In re Robert HOLLOWAY and Deborah Holloway, Bankrupts.**

**Bankruptcy Nos. 79–156, 79–157.**

United States Bankruptcy Court, D. Rhode Island.

April 27, 1981.

Gilbert Indeglia, Providence, R.I., for bankrupts.

Roderick A. J. Cavanagh, Wakefield, R.I., for Pettaquamscutt Credit Union.

DECISION GRANTING BANKRUPTS' MOTION TO REOPEN THE ESTATES OF DEBORAH J. HOLLOWAY AND ROBERT B. HOLLOWAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On May 18, 1979 Robert and Deborah Holloway filed separate voluntary bankruptcy petitions. An order of discharge was entered in each case on September 6, 1979. The estate of Deborah Holloway was closed on September 12, 1979, and the estate of Robert Holloway was closed on January 18, 1980. On July 14, 1980, the Bankrupts filed motions to reopen their respective bankruptcy estates for the purpose of adding a creditor, Pettaquamscutt Credit Union, which had not been included in either of their original schedules. Since Pettaquamscutt was not listed, and in the absence of proof that this creditor had actual knowledge of the filing, this debt was not discharged. Bankruptcy Act, § 17(a)(3), 11 U.S.C. § 35(a)(3) (1976).[1] Pettaquamscutt objects to the motions to reopen.

1. Because this case was filed prior to the October 1, 1979 effective date of the Bankruptcy Reform Act of 1978, the provisions of the 1898 Bankruptcy Act are controlling.

Pettaquamscutt contends that absent exceptional circumstances, an estate cannot be reopened on the application of the bankrupt to add creditors originally omitted from the schedules, and argues that mere negligence or inadvertence on the part of the bankrupt does not provide sufficient basis for the reopening of the estate. The position of the Bankrupts, on the other hand, is that an estate may be reopened for "good cause", and that sufficient grounds exist to reopen this case.

■ Rule 515 of the Rules of Bankruptcy Procedure deals with the reopening of estates, and provides that "[a] case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause." The purpose of the Rule, according to the Advisory Committee's Note, is to elaborate on the provisions of § 2(a)(8) of the Bankruptcy Act—"clarify[ing] the authority of the court to reopen for purposes other than the administration of newly discovered assets," and recognizing relief to the bankrupt as "a proper cause for reopening an estate." *See* Advisory Committee's Note to Rule 515. The granting of a motion to reopen a case is within the court's discretion. *Id.*

The Bankrupts argue that their failure to schedule Pettaquamscutt was due to the inaction of the Credit Union in pursuing its claim. According to the Bankrupts, the claim of Pettaquamscutt is based upon a deficiency balance due on a note which had been secured by their automobile. They assert that the vehicle had been repossessed and sold by Pettaquamscutt here in Rhode Island, while they were living in Florida, and that Pettaquamscutt did not notify them of any deficiency balance until almost a year after the filing of the bankruptcy petition, fifteen months after the repossession of the vehicle.[2] This inaction on the part of Pettaquamscutt, the Bankrupts allege, coupled with their belief that the value of the car equalled or exceeded the amount then due on the loan, caused them to assume that they owed Pettaquamscutt nothing, and that is why they did not list Pettaquamscutt as a creditor. Because these allegations are not disputed by Pettaquamscutt, they are treated as the facts of the case.

Pettaquamscutt alleges no specific prejudice in the event the Holloways are allowed to reopen their bankruptcy estates, *Robinson v. Mann*, 339 F.2d 547 (5th Cir. 1964); *In re G.M.S. Stores*, 3 BCD 1324 (S.D.N.Y. 1978), nor is there any allegation of fraud on the part of either Bankrupt in omitting the claim, *Callaham v. Snider*, 3 BCD 501 (D.Ore.1977), which should defeat the present motion.

■ While Pettaquamscutt's contention is correct that mere inattention or negligence does not provide sufficient cause to reopen an estate, the explanation of the Bankrupts constitutes the type of excusable neglect which does warrant reopening.[3] *See Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *In re Castleberry*, 3 BCD 6 (N.D.Ga.1977); *Callaham v. Snider, supra.* The instant motion was necessitated by Pettaquamscutt's delay in both notifying the Holloways of the existence of a deficiency and pursuing collection of that deficiency. In balancing the equities in this case, the Court concludes that the Bankrupt's estates should be reopened, and that the matter be scheduled for hearing on the question whether the proposed amendment should be allowed. *See In re Ferelli*, 5 BCD 217 (D.R.I.1979).

In reaching this conclusion, the Court does not ignore the decisions reached in *Milando v. Perrone*, 157 F.2d 1002 (2d Cir. 1946) and *Phillips v. Tarrier Co. of Delaware*, 93 F.2d 674 (5th Cir. 1938). The *Phillips* case specifically did not reach the question of whether an estate could be re-

---

2. The bankrupts first became aware of the deficiency when they were served with a summons and complaint issued out of the Rhode Island District Court in May, 1980.

3. The Court finds it unnecessary to determine whether "good cause" alone is sufficient to reopen a case, as the fact situation here meets even the higher standard argued for by Pettaquamscutt, that of "exceptional circumstances."

opened in "exceptional circumstances," and the court in *Milando* similarly stated that "whether there is such a reserve of power need not be explored further here." The promulgation of Bankruptcy Rule 515 recognizing relief to the bankrupt as a proper cause for reopening an estate, and recent decisions, *see, e. g., Callaham v. Snider, supra; In re Castleberry, supra,* support the view that an estate may be reopened upon a showing of "exceptional circumstances."