**In re Martin A. KENNER a/k/a Martin Arthur Kenner, Debtor.**

**Bankruptcy No. 8000739.**

United States Bankruptcy Court,
D. Rhode Island.

July 8, 1981.

---

Anthony J. Brosco, Providence, R. I., Herbert Katz, Pawtucket, R. I., for debtor.

Benjamin V. White III, Vetter & White, Providence, R. I., for Stratoflex, Inc.

## ORDER DENYING MOTION TO REOPEN

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the motion of Stratoflex, Inc. to reopen the Debtor's bankruptcy estate to allow Stratoflex to file a complaint to determine the dischargeability of a debt allegedly owed it by the Debtor.

The Debtor filed a Chapter 7 petition in this Court on September 30, 1980, listing Stratoflex as a creditor in Schedule A–3. Creditors were notified by mail on October 22, 1980 that (1) the § 341 meeting of creditors would be held on November 5, 1980, and (2) December 10, 1980 was fixed as the last day for the filing of complaints to determine dischargeability under § 523 of the Bankruptcy Reform Act of 1978.[1]

Stratoflex alleges that it did not receive the October 22 notice to creditors, and in support of its motion to reopen has filed affidavits signed by Stratoflex employees to indicate that Stratoflex first received notice of the bankruptcy on February 9, 1981 when the notice of discharge was received.[2] Stratoflex forwarded that discharge notice to its counsel four days later. The present motion to reopen was filed on May 5, 1981.

The granting of an application to reopen a case is a matter directed to the sound discretion of the bankruptcy court. *In re Holloway*, 10 B.R. 744, (Bkrtcy., D.R.I. 1981); Advisory Committee's Note to Bankruptcy Rule 515. Affording Stratoflex the benefit of every doubt (and assuming only for the purpose of this discussion that the movant did not receive the § 341 meeting notice), whatever merit may have existed in Stratoflex's favor in February, completely evaporated by the time it finally got around to filing the instant motion. Between the time Stratoflex received notice of the discharge (February 9, 1981) and the filing of the motion before me (May 5, 1981), about three months passed. This three-month period exceeds even the amount of time origi-

---

**1.** Bankruptcy Rule 409(a)(2) authorizes the court to fix deadlines for filing complaints to determine dischargeability pursuant to § 17(c)(2) of the former Bankruptcy Act, 11 App. U.S.C. § 35(c)(2) (1979) [§ 523 of the Bankruptcy Code], not less than 30 days nor more than 90 days after the first date set for the § 341 meeting of creditors.

The Bankruptcy Rules promulgated under the former Bankruptcy Act of 1898 continue in effect to the extent that they are not inconsistent with the 1978 Bankruptcy Code, until repealed or superseded by rules promulgated un-

der the new code. Bankruptcy Reform Act of 1978, Pub.L. 95–598, § 405(d) (1978). The instances of nondischargeability listed in § 17(c)(2) correspond to those parts of § 523 raised by Stratoflex's complaint, i. e., §§ 523(a)(2)(A) and (a)(4).

**2.** The notice of discharge was mailed to Stratoflex by the office of the Bankruptcy Clerk on February 5, 1981, at the same address to which it appears that the § 341 meeting notice was mailed on October 22, 1980.

nally provided to the Debtor's creditors in which to file complaints to determine dischargeability. Stratoflex, despite inquiry by the Court, has failed to satisfactorily explain such a long delay. Debtors at some point must be able to rely on the conclusiveness of their discharge.

On the facts before me, I find that to reopen this estate would be clearly inequitable. Accordingly, the motion to reopen is denied.