**In re Robert Lee WILLIAMS, Debtor.**

**Bankruptcy No. 3–80–01763(B).**

United States Bankruptcy Court,
W. D. Kentucky.

Jan. 18, 1982.

Andrew Hyman, Attorney    L & N Cr. Un.
100 North 6th Street    v. Williams
Louisville, KY 40202

Paul F. Vissman, Louisville, Ky., for debtor.

Andrew S. Hyman, Louisville, Ky., for creditor.

## ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the debtor, by counsel, to reopen the case in order to avoid a lien filed against the debtor's real property pursuant to 11 U.S.C. § 522(f)(1), 11 U.S.C. § 350(b) and Rule 515, R.B.P. The facts are uncontroverted and can be briefly recited:

The Court's jurisdiction was originally invoked when the debtor and his wife (now divorced) filed a joint petition under 11 U.S.C. § 302 on June 19, 1980. Thereafter, a meeting of creditors pursuant to 11 U.S.C. § 341 was held on August 26, 1980, after having been adjourned from July 15, 1980. The case was timely administered with an order of discharge entered on November 2, 1980, and the case being administratively closed on April 27, 1981.

The attorney of record, Richard D. Shapero, did not during the pendency of the case file a motion to avoid the lien of L & N Federal Credit Union (L & N). In the *Statement of Affairs*, filed with the petition, the attorney listed in subtopic No. 10:

" # 79CI–11433, Jefferson Circuit Court, L & N Cr. Un. v. Williams."

Under A–2, *Creditors Having Unsecured Claims Without Priority*, appeared the following designation:

L & N Federal Employees Cr. Un.
316 Hazelwood Avenue
Louisville, Kentucky 40208    4,671.00
#79CI 11433, Jefferson Circuit
    Court    Suit – L & N
Hall of Justice    Cr. Un. v.
Louisville, Kentucky 40202    Williams

Finally, in Schedule B–1, *Real Property*, the debtor listed:

House — 3507 Hudson Avenue,
    Louisville, Kentucky 40211
            Value    15,000.

Section 350 of Title 11 provides that:

"(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

An elaboration of this section is set forth in Rule 515, R.B.P. In pertinent part it states:

A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause. Also see § 2(a)(8), Act 1898.

Rule 60(b), F.R.C.P., as incorporated is made applicable to this proceeding by Rule 924, R.B.P. Rule 60 permits a court to relieve a party from a final judgment or order due to:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence... (3) fraud... misrepresentation, or other misconduct of an adverse party... or (6) any other reason justifying relief from the operation of the judgment...."

The motion is required to be made within a "reasonable time". The one-year period of limitation of Rule 60(b) as it applies to subsections (1), (2) and (3) is made inapplicable by 11 U.S.C. § 350 and Rule 515, R.B.P.

The decisional law on this issue evidences a split in the decisions of various districts. In the cases of *In Re Gortmaker*, 14 B.R. 66, 8 BCD (Bkrtcy.D.S.D.1981); *In Re Swanson*, 13 B.R. 851, 8 BCD 13 (Bkrtcy.D.Idaho, 1981); and *In Re Baskins*, 14 B.R. 110, 8 BCD 161 (Bkrtcy.E.D.N.C.1981), the courts permitted the debtor either after discharge or after the case was administratively closed to avoid a lien pursuant to § 522(f). Reliance in each instance was placed on the fact that neither the Code, Interim Rules, nor Rules of Bankruptcy Procedure pre-

scribed time limitations requiring the debtor to exercise his rights under § 522. From the chronological development of the cases it is difficult to discern the period of debtor's delay; however, it would appear from dicta that these courts would permit such an action up to and until the equitable doctrine of laches would be applicable.

■■ Though it is not dispositive of the issue raised here, nonetheless it should be noted that this court has enacted Local Rule 21, effective date September 23, 1981, which mandates that an action to avoid a § 522 lien must be brought ". . . at least five business days prior to the scheduled discharge." The Rule further provides that ". . . any motions filed subsequent to the specified date will not be timely and shall constitute good cause to deny the relief sought." The Rule was promulgated to carry out the Congressional objective and intent that bankruptcy estates be expeditiously administered, as stated in *In Re Ridill*, 1 B.R. 216 (S.D.Cal.1979):

> ". . . the chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.' Citing *Crosby v. Mills*, 413 F.2d 1273 (10th Cir. 1976) which adopted the reasoning in *Katchen v. Landy*, 382 U.S. 323 [86 S.Ct. 467, 15 L.Ed.2d 391] (1966)." *Id.* at 218.

Section 522 does not make a nonpossessory nonpurchase money lien void but simply voidable. The debtor desiring to remove the encumbrance must affirmatively act either by filing a motion, as is permissible in the Western District of Kentucky (*In Re Schweitzer*, 17 B.R. 39 [Bkrtcy.W.D.Ky. 1981], aff'd U.S.Dist.Ct., November 24, 1981), or by commencing an adversary proceeding under Rule 701, R.B.P. The provision is permissive, and if the debtor for whatever reason does not act, then the lien survives his bankruptcy discharge. 11 U.S.C. § 524, and *In Re Sillani*, 9 B.R. 188 (Bkrtcy.D.S.D.1981).

■ Whether a case should be reopened to accord a party relief under § 350 and Rule 515 is within the sound discretion of the trial court, and the decision of that court ". . . will only be reversed for abuse of that discretion". *Matter of Shen*, 7 B.R. 942 (Bkrtcy.S.D.Cal.1980). *Shen, ibid*, states the general principle:

> "Such a motion will be granted only for cause shown, *Hull v. Powell*, 309 F.2d 3 (9th Cir. 1962), and the determination of what constitutes sufficient good cause is within the trial court's discretion. *Bartle v. Markson*, 357 F.2d 517 (2d Cir. 1966). The burden of proof . . . is on the party seeking to reopen the bankruptcy proceeding. *In Re Fair Creamery Co.*, 193 F.2d 5 (6th Cir. 1951)." Also see *In Re Kenner*, 12 B.R. 460 ([Bkrtcy.] D.R.I. 1981); *In Re Holloway*, 10 B.R. 744 ([Bkrtcy.] D.R.I.1981).

It has been found that a mistake in judgment or an ill-advised choice will not support a motion to reopen. *In Re Ridill, supra.*

■ Here, the debtor, through his attorney, should have been on notice that the debtor's real property had been levied upon. The information contained in the Statement of Affairs and Schedules would indicate further inquiry was required to determine the status of the credit union. A review of the public records would have revealed the existence of the lien. Since the attorney for the creditor was known to the debtor's attorney, a telephone call would have provided the necessary information; or alternately the debtor, by counsel, could have assumed the perfection of the judgment and filed a § 522 motion. For reasons not apparent from the record, the debtor chose to wait until November 4, 1981, to attempt to avoid the lien, which, if timely, is subject to § 522(f). However, he waited a period of seventeen months from the date of the order of relief, or approximately twelve months from the discharge hearing to exercise his rights. The debtor's behavior is even more difficult to understand as the record reveals that the credit union was vigorously attempting to satisfy its judgment prior to the commencement of this bankruptcy case (debtor's motion, January 18, 1980).

*In Re Porter*, 11 B.R. 578 (Bkrtcy.W.D. Okl.1981), summarizes the inequity in the debtor's position:

"It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action and then decide what he wants to do. If the debtor has not made a timely claim of exemption or timely filed a complaint to avoid a lien, then he should be barred from doing so. If a creditor must timely act to protect his rights, there is no reason not to demand the same of a debtor, particularly when the rights asserted are for the debtor's benefit." *Id.* at 580, citing *In Re Adkins*, 7 B.R. 325 (Bkrtcy.S.D. Calif.1980).

There has been no showing of extenuating circumstances or other justifiable excuse for the debtor's delay. The surrounding factual circumstances dictated further inquiry as to the status of the credit union. The conclusiveness of a court's judgments and orders "serve a useful social function and are not lightly disturbed." *In Re Ridill, supra*, at 219.

There being no excuse for the delay, a balance of the equities requires this Court to deny the relief sought by the debtor.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the motion to reopen the bankruptcy case be and is overruled.