In re Maggie BAKER, Debtor.

Bankruptcy No. 3–81–01976.

United States Bankruptcy Court,
W. D. Kentucky.

Feb. 24, 1982.

Thomas V. Haile, Jr., Louisville, Ky., for debtor.

Andrew Hyman, Louisville, Ky., for creditor.

MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This Court's jurisdiction was originally invoked on July 28, 1981, when the debtor, Maggie Baker, filed a joint petition with her husband in bankruptcy pursuant to 11 U.S.C. § 302. Thereafter, a meeting of creditors was held on August 25, 1981, and the discharge hearing was scheduled on November 24, 1981.

Schedule A–2—*Creditors Holding Security*, filed with the original petition delineates the following:

| General Finance Company<br>3441 Cane Run Road<br>Louisville, Kentucky | Judicial liz [sic] pendens<br>on real estate<br>$3,846 with interest<br>Jefferson Circuit Court<br># 69276 Division 1 Record-<br>ed in liz [sic] pendens<br>Book 75, Page 40 |
|---|---|
| Andrew Hyman<br>Attorney for General Finance<br>100 N 6th<br>Louisville, KY | 3,846.34 |

On November 24, the debtor's attorney filed on her behalf a motion to avoid the lien of General Finance pursuant to 11 U.S.C. 522(f)(1). The Court refused to hear the motion, relying on Local Rule 21 as adopted by joint order of the Bankruptcy Judges for the Western District of Kentucky on September 23, 1981, which provides in its pertinent part that:

"All motions filed pursuant to this provision [11 U.S.C. § 522(f)] must be filed with the Clerk of the United States Bankruptcy Court at least five business days prior to the scheduled discharge hearing."

Counsel for the debtor immediately moved for an extension of time in which to file the motion. An order was entered permitting the debtor to file her motion out of time subject to objections by creditors. General Finance filed a timely response, and after hearing and the filing of memoranda of legal argument and authorities, the issue was submitted for decision on January 28, 1982.

This Court, on January 18, 1982, entered its memorandum opinion in *In Re Williams*, 17 B.R. 204, wherein it found that a motion to avoid a judicial lien filed twelve months after the order of discharge and six months after the case was administratively closed was not timely. The legal question raised in *Williams, ibid*, was whether the case should have been reopened pursuant to 11 U.S.C. § 350, Rule 515, R.B.P., and Rule 924, R.B.P., which makes applicable Rule 60, F.R.C.P. After review of legal precedent cited therein, the Court concluded that the facts in *Williams* did not support a finding of "...extenuating circumstance or other justifiable excuse for the debtor's delay," *Williams* at 207, and that "... a balance of the equities," *Williams* at 207, dictated a decision for the creditor.

■■ The factual circumstances of this controversy mandate a different result. Although an attorney practicing in a particular court is chargeable with knowledge of that court's rules, whether the attorney actually has such knowledge, nevertheless, this Court finds that a strict and rigid application of its rules would be inequitable. The chronology of events in *Williams, supra*, precluded the creditor from aggressively pursuing its nonbankruptcy remedies prior to the petition for relief, while in the instant case General Finance, for reasons unknown, did not pursue the real property in issue for over four years prior to the debtor's bankruptcy petition. For the foregoing reasons, the debtor's motion to avoid the lien of General Finance was timely made within the intent and spirit of the Bankruptcy Code and this Court's Local Rules.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the motion to avoid the lien of General Finance Company is sustained, and the lien be and is avoided.

A copy of this order is mailed to Thomas V. Haile, attorney for debtor; and to Andrew S. Hyman, attorney for General Finance Company.