**In re Adam F. TRAUB, Debtor.**

**Bankruptcy No. 3–80–00597(B).**

United States Bankruptcy Court, W.D. Kentucky.

Dec. 6, 1982.

Thomas M. Denbow, Louisville, Ky., for debtor.

Steven S. Crone, Louisville, Ky., for creditor, Credithrift of America, Inc.

MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy matter comes before the Court on motion of the debtor, by counsel,

seeking to reopen the closed bankruptcy case in order to amend the schedules filed therein to list a creditor, Credithrift of America, Inc., and discharge the debt owing in the total amount of $2,878.70.

The issue before the Court is whether or not the debtor may reopen his closed bankruptcy case for the purpose of listing an omitted creditor pursuant to 11 U.S.C. § 350, 11 U.S.C. § 523(a)(3), and Rule 515, Rules of Bankruptcy Procedure.

*Findings of Fact*

On February 24, 1970, the debtor obtained a loan from Credithrift in the principal amount of $3,708.00, inclusive of precomputed interest, and signed a promissory note for that amount. A 1964 Ford Thunderbird automobile and a ChrisCraft boat were pledged as collateral for this loan.

Subsequently, as a result of debtor's default, the creditor repossessed the collateral on or about November 25, 1970, and notified the debtor in December of 1970 that the collateral would be sold to satisfy the outstanding indebtedness. The creditor alleges that it filed a suit seeking to recover a deficiency in the amount of $2,054.87 on October 18, 1973, in the Jefferson Circuit Court, and that pursuant to that action, service of process was attempted on the debtor by special bailiff at the debtor's place of employment, but that service was unsuccessful. Contrary to this allegation, the debtor maintains that he has been continuously employed at the same establishment since the time of entering the loan transaction, and that he changed his place of residence only once during this time when in 1976, he moved from Jeffersonville, Indiana, to Louisville, Kentucky.

On or about March 5, 1980, the debtor filed a petition pursuant to the provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C. A discharge was granted in this case in October, 1980, and the no-asset case was subsequently closed. The creditor, Credithrift, was not listed on the bankruptcy petition, and apparently had no notice of these bankruptcy proceedings. The debtor alleges that since he had received no notice

of any deficiency owing to the creditor, he assumed the ten-year old debt had been satisfied, and therefore did not list the creditor on his petition.

On May 21, 1982, the debtor received a letter from the creditor stating that he owed $2,878.70. Credithrift filed suit on July 1, 1982, against the debtor in the Jefferson Circuit Court, alleging an indebtedness of $2,054.87, with interest thereon at 13% per annum from February 24, 1973, and service of process was effected by mail on July 9, 1982. Credithrift noticed the debtor to take deposition, but the debtor failed to appear, whereupon Credithrift filed a motion for summary judgment on September 22, 1982. The circuit court action is presently stayed pending a resolution here of the matter regarding the application of the debtor for a reopening of his bankruptcy case to amend the schedules and include this creditor, said motion having been filed September 24, 1982.

*Conclusions of Law*

11 U.S.C. § 350(b) provides:

"(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Also see Rule 515, Rules of Bankruptcy Procedure.

This Court, on January 18, 1982, entered its memorandum opinion in *In Re Williams,* 17 B.R. 204 (Bkrtcy.W.D.Ky.1982), wherein it found that a motion to avoid a judicial lien filed twelve months after the order of discharge and six months after the case was administratively closed was not timely. The legal question raised in *Williams, supra,* was whether the case should have been reopened pursuant to 11 U.S.C. § 350, Rule 515, R.B.P., and Rule 924, R.B.P., which makes applicable Rule 60, Federal Rules of Civil Procedure. After review of the legal precedent cited therein, the Court concluded that the facts in *Williams* did not support a finding of ". . . extenuating circumstances or other justifiable excuse for the debtor's delay," *Williams,* at 207, and that ". . . a balance of the equities," *Williams,* at 207, dictated a decision for the creditor.

The factual circumstances of this controversy are more analogous to the case of *In Re Holloway,* 10 B.R. 744 (Bkrtcy.D.R.I. 1981), and mandate a different result. In *Holloway, supra,* a motion to reopen the respective cases of husband and wife bankrupts was made for the purpose of amending the schedules to include an unlisted creditor which had repossessed the bankrupt's automobile, sold it, and failed to notify the bankrupts of any existing deficiency or otherwise pursue collection until almost a year after the filing of the petition or fifteen months after the vehicle's repossession. There the court stated:

"While [the creditor's] contention is correct that mere inattention or negligence does not provide sufficient cause to reopen an estate, the explanation of the Bankrupts constitutes the type of excusable neglect which does warrant reopening. [Footnote and citations omitted.] The instant motion was necessitated by [the creditor's] delay in both notifying the Holloways of the existence of a deficiency and pursuing collection of that deficiency. In balancing the equities in this case, the Court concludes that the Bankrupt's [sic] estates should be reopened...." 10 B.R. at 745.

Likewise, in the instant case, the "exceptional circumstances" warranting the reopening of this debtor's bankruptcy case may be found where the creditor repossessed and sold the collateral in 1970, attempted suit in 1973 on the deficiency remaining but without sufficient service of process, and notified the debtor of the indebtedness in 1982, some two years after the bankruptcy case was closed. Under similar circumstances, in our previous decision, *In Re Baker,* 18 B.R. 131 (W.D.Ky. 1982), the Court there found "that a strict and rigid application of its rules would be inequitable. The chronology of events in *Williams, supra,* precluded the creditor from aggressively pursuing its nonbankruptcy remedies prior to the petition for relief, while in the instant case [the creditor], for reasons unknown, did not pursue the real property in issue for over four years prior to the debtor's bankruptcy petition," at 132.

In the case at bar, Credithrift did not successfully pursue the deficiency until twelve years after the repossession, or two years after the closing of the bankruptcy case.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, R.B.P.

WHEREFORE, in view of the foregoing and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the application of the debtor to reopen the bankruptcy case be and is granted. This is a final order.

IT IS FURTHER ORDERED AND ADJUDGED that a hearing be and is set on *January 4, 1982, at 3:45 p.m., at 413 United States Courthouse, 601 West Broadway, Louisville, Kentucky 40202,* for the purpose of determining whether the proposed amendment should be allowed.