**In the Matter of Erldon Paulson GRATRIX, Jr.**

**NATIONAL LABOR RELATIONS BOARD, Appellant,**

v.

**Erldon Paulson GRATRIX, Jr., Appellee.**

**No. A82–182 Civ.**

United States District Court, D. Alaska.

Oct. 11, 1984.

Thomas R. Lucas, N.L.R.B., Anchorage, Alaska, for appellant.

Erldon P. Gratrix, Jr., in pro per.

## DECISION

HOLLAND, District Judge.

This case is before the Court on consolidated appeals from the bankruptcy judge's orders of March 5, 1982, and December 9, 1982, the effect of which was to reopen Gratrix's bankruptcy file. Gratrix had sought this relief for purposes of amending the schedule of creditors to be discharged. This Court does not have before it and does not address the question of the dischargability of any creditor of Gratrix; rather, we address only the question of whether the

bankruptcy judge abused his discretion in permitting the reopening of the file.

■ A case may be reopened on motion of the debtor in order to administer assets, accord relief to the debtor, or for other purposes. Bankruptcy Rule 5010; 11 U.S.C. § 350(b). Such a motion is addressed to the sound discretion of the bankruptcy judge. What constitutes sufficient good cause to reopen a case is within that discretion. *In re Shen*, 7 B.R. 942, 946–7 (D.Cal.1980). On appeal to this Court, the findings of fact made by the bankruptcy judge will not be set aside unless clearly erroneous, and due regard must be shown for that judge's opportunity to evaluate the credibility of witnesses. Bankruptcy Rule 8013; *In re Ridill*, 1 B.R. 216, 218 (D.Cal. 1979); *In re Christian & Porter Aluminum Co.*, 584 F.2d 326, 337 (9th Cir. 1978). Appellant National Labor Relations Board (NLRB) bears the burden of establishing that the findings in the bankruptcy court were clearly erroneous, in that there was no substantial basis in the evidence to support the findings, and that failure to reverse the judgment would result in a miscarriage of justice. *Id.* at 335. In short, Appellant must prove an abuse of discretion in the bankruptcy court.

It appears that Gratrix's application to reopen his bankruptcy file was summarily granted by the bankruptcy judge without any express findings which would illuminate the reasons therefor. After the reopening of the file, the NLRB sought to have that action reexamined and vacated. In denying the motion to vacate the order reopening the file, the bankruptcy judge issued a detailed memorandum opinion. *Memorandum of Opinion*, Dec. 9, 1982. The bankruptcy court felt that there could be no prejudice to a creditor such as the NLRB in the mere reopening of the case since the central and overriding issue of dischargability of the debt which the NLRB was pursuing was yet to be decided. The judge noted in reopening the case that he was following the procedure permitted under Bankruptcy Rule 409 (now Rule 4007) which authorizes reopening a case for the purpose of determining dischargeability.

■ Appellant NLRB has argued in its pleadings that the doctrine of laches should bar reopening this case. Bankruptcy Rule 9024 expressly indicates that motions to reopen cases under Bankruptcy Rule 5010 are not subject to the rigorous time limits of Rule 60, Federal Rules of Civil Procedure, as are many other cases under the Bankruptcy Code. Nevertheless, a motion to reopen must be made within a reasonable time; and laches may be a valid ground for the denial of such a motion. *In re Ridill*, 1 B.R. 216, 218 (D.Cal.1979). Apparently because the judge found that the defendant NLRB had known for a considerable time that a bankruptcy proceeding was pending, the court found no prejudice to the NLRB in permitting amendment to the schedule.

Beyond the foregoing, the Court's examination of the record in this matter indicates that the Gratrix petition in bankruptcy was filed on February 6, 1979. On April 10, 1979, the trustee's report of no assets was approved and the Gratrix file was closed. Former employees of Gratrix had pursued administrative remedies with the NLRB before, during, and after the pendency of the bankruptcy proceedings, and a finding that those employees had been wrongfully terminated was rendered on September 13, 1977. That decision was upheld on appeal to the Ninth Circuit Court of Appeals on June 5, 1979, but not until July of 1981 did the NLRB issue a back pay order. A supplemental NLRB decision and order was rendered later that month, and it also was approved by the Ninth Circuit Court of Appeals. Gratrix's motion to amend his creditor schedule was filed January 21, 1982.

■ On these facts, the Court believes that something more than pure inadvertence could easily have been involved in Gratrix's failure to include either the NLRB or his former employees on his bankruptcy schedule. The delay in seeking to amend the schedule of creditors was considerable, but does not amount to laches

in light of the delay in the NLRB proceedings.

The Court finds no clear error in the findings of the bankruptcy judge and no abuse of discretion in his decision to reopen the Gratrix file.

The decision of the bankruptcy judge in allowing the file to be reopened is AFFIRMED. The matter is REMANDED to the bankruptcy court for further proceedings to determine the dischargeability of the claims represented by the NLRB.