**VIRGIN ISLANDS BUREAU OF IN-
TERNAL REVENUE,
Appellant/Cross-Appellee,**

v.

**ST. CROIX HOTEL CORPORATION,
Appellee/Cross-Appellant.**

**Civ. No. 1985/315.**

District Court, Virgin Islands,
D. St. Croix.

April 18, 1986.

Victor G. Schneider, First Asst. Atty. Gen., Christiansted, St. Croix, V.I., for appellant/cross-appellee.

Joel H. Holt, Christiansted, St. Croix, V.I., for appellee/cross-appellant.

### MEMORANDUM OPINION

DAVID V. O'BRIEN, District Judge.

The issue presented in this appeal is whether the Government of the Virgin Islands may reopen a debtor's plan for reorganization 26 months after the plan was confirmed. We hold that the Government's claim for pre-petition taxes is barred by laches and affirm the bankruptcy court's refusal to reopen the case. We also affirm the court's reaffirmation of its earlier order that the debtor pay its post-petition taxes as administrative expenses.

## I. FACTS

St. Croix Hotel Corporation filed for reorganization on April 21, 1981. Its plan was confirmed by the bankruptcy court in August, 1983 and appealed unsuccessfully to this Court by a secured creditor. The hotel distributed its assets to the creditors and the case was closed on May 3, 1985.

In November, 1985, the Virgin Islands Bureau of Internal Revenue acted for the first time in the case and moved to reopen in order to obtain full payment of its tax claim. Pursuant to the plan, the Government received plots of land in lieu of $273,-770.10 in pre-petition taxes for gross receipts, hotel rooms and employees withholding obligations.[1] Its argument below and on appeal is that confirmation of the land transfer is voidable because taxes are priority debts entitled to full cash satisfaction. 11 U.S.C. § 507(a)(7). The relief sought upon reopening is to obtain payment from the corporate officers on the grounds that the pay-offs accorded to them under the plan belong to the Government as a priority creditor.

The hotel argues that notwithstanding the illegal disposition of its tax obligations, the Government consented by inaction and silence and is now bound by the plan.

The bankruptcy court denied the motion to reopen on the grounds of laches. It found that although the Government had privately rejected the tax settlement in May, 1983 and again in April, 1985, it failed to lodge this objection before the court until more than two years after confirmation and six months after the case was dismissed. In finding the delay inexcusable, the court stated:

> "The Court will enter—well, before I say what I will enter, the Attorney General's Office consistently, and the Court takes judicial notice of it, requires more than what any other counsel requires in this jurisdiction, they are never where they are supposed to be, they are never on time, they never file what they are

supposed to file, and that is where the attack should lie, not on this court, not on the participants in this proceeding, not on counsel in this proceeding, and that has been the case not yesterday, not today, it has been the case for 10–15 years. They are grossly incompetent, and that is best reflected by the evidence in this case."

(Tr. 81).

The court went on to order the hotel to pay its post-petition taxes on the grounds that these were administrative expenses that, but for oversight, were due upon the plan's confirmation. The court reaffirmed its view that post-petition taxes must be paid in full.

The parties now appeal these rulings.

## II. DISCUSSION

### A. *The Government's Appeal*

Taxes incurred by the corporate debtor prior to filing a petition for reorganization are priority debts. 11 U.S.C. § 507(a)(7). Consequently, the taxes must be paid in full over the life of the plan which, in turn, may not exceed six years. 11 U.S.C. § 1129(a)(9)(C). This requirement is mandatory, 5 *Collier on Bankruptcy* ¶ 1129.03 (15th ed. 1985) *quoting* H.R.Rep. No. 595, 95th Cong. 1st Sess. 413 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6369. However, the parties agree that a violation of this requirement renders the order confirming the plan voidable rather than void. This appeal, therefore, does not present an error of law over which our review would be plenary. Instead, the issue is whether the bankruptcy court abused its discretion in denying the Government's motion to reopen on the grounds of delay.

A bankruptcy case, once closed, may be reopened by an interested party "to administer assets, to accord relief to the debtor; or for other cause." 11 U.S.C. § 350(b). The moving party is required to proceed in

---

1. The hotel argues in its cross-appeal that this provision also included post-petition taxes. The bankruptcy court classified post-petition taxes

as administrative expenses which should have been paid upon confirmation of the plan.

accordance with Fed.R.Civ.P. 60(b), which similarly authorizes relief from a final judgment. These motions, however, must be made within a reasonable time. Fed.R. Civ.P. 60(b). *Accord* Bankruptcy Rule 9024.

■ It is beyond dispute that § 350(b) gives the bankruptcy court broad discretion in deciding whether to reopen a case. *E.g., In re Rosinski,* 759 F.2d 539, 540–41 (6th Cir.1985); *Stout v. Prussel,* 691 F.2d 859, 861 (9th Cir.1982) (citations omitted); *Matter of Seats,* 537 F.2d 1176, 1177 (4th Cir. 1976). Absent a clear showing that the court abused its discretion, the decision to grant or deny a motion to reopen is binding on review. *E.g., Rosinski, supra* at 541; *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984); *In re International Coating Applicators, Inc.,* 647 F.2d 121, 124 (10th Cir.1981).

■ Notwithstanding this discretion, a case should not be reopened "to relieve a party of the consequences of his own mistake or ignorance." *In re Devault Manufacturing Co.,* 4 B.R. 382, 386 (Bkrcy.E.D. Pa.1980) (citations omitted) *aff'd* 14 B.R. 536 (E.D.Pa.1981). *See Hoffman v. Celebrezze,* 405 F.2d 833, 839, 835 (8th Cir. 1969). Nor is good cause established by mere inattention or neglect. *In re Holloway,* 10 B.R. 744, 745 (Bkrcy.D.R.I.1981). It is well established, therefore, that discretion should be exercised only where a compelling reason for reopening the case is demonstrated. *E.g., In re Allvend Industries Snacks v. Toms, Inc.,* 29 B.R. 900, 902 (Bkrcy.S.D.N.Y.1983); *In re Duiser,* 12 B.R. 538, 539 (Bkrcy.W.D.Va.1981); *Holloway, supra* at 746; *In re Ridill,* 1 B.R. 216, 218 (Bkrcy.W.D.Cal.1979).

The consensus of authority holds that the most important consideration in deciding whether to reopen the case is the timeliness of the motion. *E.g., In re Tyler,* 27 B.R. 289, 292 (E.D.Va.1983); *In re Serafini,* 30 B.R. 606, 608 (Bkrcy.W.D.Pa.1983); *Matter of Admire,* 15 B.R. 405, 407 (W.D. Mo.1981); *Ridill, supra* at 218. At the heart of this view is the doctrine of laches, which not only applies in bankruptcy proceedings but is "an important consideration because the chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period of time.'" *Crosby v. Mills,* 413 F.2d 1273, 1276 (10th Cir.1969) *quoting Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966). The bankruptcy court measured the Government's delay from May, 1983. We cannot take issue with this finding because final judgment in Chapter 11 proceedings occurs when the plan for reorganization is confirmed. Pursuant to 11 U.S.C. § 1141, pre-petition debts are discharged and the plan is "binding upon all parties once it is confirmed and all questions which could have been raised pertaining to such plan are res judicata." 5 Collier, *supra* at § 1140.01. *See In re American Properties, Inc.,* 30 B.R. 239, 246 (Bkrcy.D.Kan.1983) (citations omitted). Consequently, creditors, including the government, are generally barred from revising a plan's tax provisions after confirmation regardless of whether the case has been closed. *In re Penn Dixie Industries,* 32 B.R. 173, 176–77 (Bkrcy.S.D.N.Y.1983); *American Properties, supra* at 246–47. *But see In re Gurwith,* Bank.L.Rep. (CCH) § 70,730, (D.S.Fla.1985).

■ The Government concedes that it "slept on its rights" but counters that equity, nevertheless, justifies reopening because: 1) the hotel has been unjustly enriched at the Government's expense; 2) the bankruptcy court erred in confirming the plan's tax provision; 3) one of the four parcels of land offered in lieu of payment was already owned by the Government, and 4) delivery of the remaining parcels was incomplete and required legislative approval.[2]

We find merit in only the second of these factors. *See In re Furniture Distributors, Inc.,* 45 B.R. 38, 44 (Bkrcy.D.Mass. 1984). *Accord In re Mullendore,* 741 F.2d 306, 308 (10th Cir.1984). This alone, how-

---

2. 31 V.I.C. § 231a (1985 Supp.) requires legisla-

tive approval of government land acquisitions.

ever, cannot support a finding that bankruptcy court abused its discretion.

The Government has candidly admitted that despite knowledge and displeasure with the hotel's settlement of the tax claim, it failed to contest the plan or even attend one of the many hearings in this matter until after the case was dismissed. Reopening would undercut the Bankruptcy Code's principle policy of ensuring the finalty of insolvency proceedings. *See Crosby, supra* at 1276. It would also set a precedent for creditors to challenge a confirmed plan once it appears that more of the debtor's assets have become available. We think that a debtor reorganizing in good faith should not have to look back over its shoulder for the lazy or opportunistic creditor. We find, therefore, that the bankruptcy court correctly concluded that the Government is bound to the plan's settlement of pre-petition taxes.

### B. *The Hotel's Cross-appeal*

■ The hotel appeals the bankruptcy court's order that it pay to the Government post-petition taxes totalling $127,219.48. The court found that these taxes constituted an administrative expense which, under the order of confirmation, should have been paid when the plan was confirmed. It expressed surprise that the post-petition taxes had not been paid. (Tr. p. 79).

The hotel does not dispute that the order of confirmation mandated immediate payment of these expenses. Instead it argues that the plan's tax provision should be interpreted as including all taxes.

Administrative expenses include taxes incurred during reorganization and are accorded the highest priority in the debtor's repayment schedule. 11 U.S.C. § 507(a)(1). They are due upon confirmation of the plan and the order of confirmation so provided.

Even if we were to adopt the debtor's interpretation of the plan's tax provision, this could not alter the force of the bankruptcy court's order because it is fully authorized by statute. Consequently we will not disturb the order that these taxes, due 26 months ago, finally be paid.

### III. CONCLUSION

The unexplained failure of the Government to lodge its objection to the hotel's plan for reorganization until 26 months after the plan's confirmation and six months after the case was dismissed supports the bankruptcy court's finding that opposition is now barred by laches. Furthermore, we affirm the court's order that the debtor pay its long overdue administrative expenses.