**In re Robert E. JOHNSON, Debtor.**

**Bankruptcy No. 1–81–01603.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 30, 1983.

Charles Cooper, Cooper & Lambert, Ironton, Ohio, for debtor.

William Berry, Ironton, Ohio, for creditor.

### ORDER ON RECONSIDERATION

BURTON PERLMAN, Bankruptcy Judge.

This bankruptcy case was filed June 10, 1981. Debtor was granted a discharge on October 28, 1981 and the case was closed March 24, 1982. On April 4, 1983 debtor filed an application to reopen the bankruptcy for the purpose of adding to the schedules a liability on his daughter's student loans which debtor says were unknown to

him when he filed his bankruptcy case. We granted the application to reopen ex parte on April 6, 1983.

On April 15, 1983, creditor, Pickett & Hatcher Educational Fund filed Application for Intervention. Intervention is not an appropriate mechanism in this matter, for creditor is entitled to proceed in this case without permission of the court; that is always a creditor's right in the bankruptcy court. Our understanding of the questions presented by creditor's application make it more properly in the nature of a motion for reconsideration of our order reopening the case and we will deal with it on that basis.

It is undisputed that debtor failed to list the obligation of creditor in his bankruptcy schedules as originally filed. Consequently, creditor was entirely within its rights when on March 17, 1983 it filed an action against debtor based upon obligations alleged to be due and owing creditor by debtor on account of four student loans taken out by his daughter, which loans creditor says created an obligation in its favor. That is, creditor was not in violation of 11 U.S.C. § 362, the automatic stay provision of the Bankruptcy Law, or 11 U.S.C. § 524.

The argument asserted by creditor against reopening the bankruptcy case is that it will impair or impede creditor's "ability to protect the interests it asserted in the state Court collection proceeding."

The reopening of cases is governed by statute. 11 U.S.C. § 350(b):

"(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

We have no doubt, and it was the basis of our action originally in reopening the case, that reopening had for its purpose the according of relief to debtor. In considering opposition to reopening on the part of a creditor, we look to the question of whether reopening will result in prejudice to the creditor. We do not mean prejudice in that an unlisted creditor whose claim is not discharged is, because of the reopening, possibly possibly brought within the bankruptcy discharge, but rather prejudice to the credi-

tor because of the belated inclusion. We can perceive no prejudice of the latter kind in this case and therefore deny creditor's motion for reconsideration (or Application for Intervention.)

We append the following pertinent remarks. While debtor has succeeded in reopening the case, he cannot bring the claims of this creditor within his discharge unless he takes appropriate steps pursuant to the Bankruptcy Rules to amend his schedule of debts. Further, we call the attention of the parties to 11 U.S.C. § 523(a)(8) which deals with nondischargeability of student loans. It is evident from this provision that debts arising from student loans are not automatically discharged. In order that creditor not be prejudiced by reason of this reopening, we set the following dates. Debtor must within twenty (20) days from the date of this order make application for amendment of its schedule of debts to include those here in issue. If debtor fails to act within that time the present reopening will be vacated. This creditor then shall have thirty (30) days from the date of notice of the amendment to pursue the alternative remedies which are available to it. First, it can file a complaint in this court for a judgment and determination that the debts in question are not dischargeable pursuant to § 523(a)(8). Second, it can file a complaint in this court for the purpose of lifting the automatic stay of 11 U.S.C. § 362 for the purpose of allowing it to continue to prosecute its pending case in the state court. Creditor should be aware that until the stay is lifted, any further action in the state court is at its peril.

SO ORDERED.