**In re James R. FELDER, Debtor.**

**Bankruptcy No. 84–4774–LM7.**

United States Bankruptcy Court,
S.D. California.

Nov. 18, 1986.

William J. Quackenbush, San Diego, Cal., for debtor.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

James R. Felder ("Felder"), the debtor in a closed Chapter 7 case, has moved this Court to reopen his case so that he may add omitted creditors. Felder filed for relief under Chapter 7 on November 2, 1984. Debtor was not represented by counsel, and instead relied on the advice of an entity called Action Para-Legal ("Action"). It appears that for a fee of $125, Action assisted in the preparation and filing of Chapter 7 schedules and rendered advice concerning the administration of the case. Debtor's discharge in the Chapter 7 proceeding was entered March 4, 1985, and the case was closed April 8, 1985.

Felder seeks to reopen his no-asset case for the purpose of adding three creditors omitted on the advice of Action. Movant failed to list educational loans obtained from Payco Insured Loans Division and United States International University totaling $6,124.38. Additionally, Felder failed to list an obligation to the Veteran's Administration in the amount of $1,438.41.

## ISSUE

Whether a Chapter 7 case may be reopened under 11 U.S.C. § 350(b) for purposes of adding creditors that were intentionally omitted from debtor's schedules.

## DISCUSSION

Section 350(b) provides:

A case may be reopened in the court in which such case was closed to administer assets to accord relief to the debtor or for other cause.

In support of his motion debtor cites *Stark v. St. Mary's Hospital (In re Stark)*, 717 F.2d 322 (7th Cir.1983). In *Stark* debtors obtained medical services from a hospital and submitted a claim to their insurance company for payment, believing that the insurance company would pay the hospital bill in full. Subsequently, debtors filed for relief and failed to list the obligation in their bankruptcy schedules. Debtors moved to reopen their no-asset case to add this previously unscheduled creditor. In affirming the decision of the district court, reversing the bankruptcy court's denial of debtor's motion, the court wrote:

In a no-asset bankruptcy where notice has been given pursuant to Rule 203–b, a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design. at 324.

■ Similarly, in *In re Cafferky*, Bankr. L.Rep. (CCH) § 66518 (Bankr. E.D.Tenn. 1977), a debtor was permitted to amend his schedules where it appeared that he failed to schedule debts in the mistaken belief that they were not his personal obligation, but rather an obligation of the corporation of which he had been an officer. So, too, in *In re Johnson*, 36 B.R. 624 (Bankr. S.D. Ohio 1983), a debtor was permitted to reopen his case to add four student loan obligations incurred by his daughter and of which he was unaware at the time his case was filed. These cases demonstrate that a bankruptcy case may be reopened for purposes of adding omitted creditors only where the omission was inadvertent or unintentional.

The reason for this rule is simple. Each petition for relief under Title 11 of the U.S.Code requires the petitioner to declare under penalty of perjury that the statements contained in the schedules are true and correct. Moreover, 18 U.S.C. § 152 provides criminal penalties for knowingly and fraudulently making a false statement under penalty of perjury in relation to a case under Title 11.

■ In the instant case, debtor omitted several creditors on the advice of Action. The debtor's declaration in support of his motion to reopen the case recites:

I informed them (Action) of my debts and the obligations for student loans, and was advised by Action Para-Legal that the student loans should not be included in the petition.

Thus, it is clear that Felder knew of the existence of these obligations and intentionally omitted them from his schedules. In the face of unanimous authority which denies a debtor the ability to reopen a bankruptcy case to add intentionally omitted creditors, this Court must deny debtor's motion. *In re Godley*, 62 B.R. 258 (Bankr. E.D.Va.1986); *In re Gray*, 57 B.R. 927 (Bankr. D.R.I.1986); *In re Ali*, 58 B.R. 439 (Bankr.E.D.Pa.1986).

Attorney for Movant is directed to prepare and submit an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.