**In re Stephen and Stephanie RIVERS.**

**No. LR 87–2072 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 8, 1988.

Everett Martindale, Little Rock, Ark., for debtors.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Petition to Reopen this Chapter 7 case filed by the debtors. The matter came on for hearing July 12, 1988. Everett Martindale, Esq., appeared on behalf of the debtors.

The debtors contend in their Petition to Reopen that they mistakenly failed to list twenty additional creditors with debts totaling $37,387.95 in pre-petition debts and that their now closed Chapter 7 case should be reopened to allow them to amend their petition and add the additional creditors. The debtors assert that they forgot to list these creditors as well as others. At the hearing, in fact, the debtors stated they were, even now unsure of the final list of creditors.

The debtors' Chapter 7 petition was filed October 27, 1987 listing 28 creditors with debts totaling $105,583.63. The first meeting of creditors was held January 5, 1988. The Trustee filed a Report of No Distribution January 25, 1988, and the debtors received a discharge March 16, 1988. The case was closed April 22, 1988. The Petition to Reopen the case to add omitted creditors was not filed until June 6, 1988.

At the hearing, counsel for the debtors stated that he and the debtors were aware of the petition deficiencies as early as the first meeting of creditors yet made no attempt to amend until after they received a discharge and their case was closed. They gave no other reason for the delay.

Section 350(b) of the Bankruptcy Code provides as follows:

> (b) a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Bankruptcy Rule 5010 provides that a case may be reopened on Motion of the debtor or other party in interest pursuant to section 350(b). The debtor's desire to be discharged of a debt by adding additional creditors is a proper purpose for a bankruptcy court to reopen a closed case "to accord relief to the debtor." *Matter of Davidson,* 36 B.R. 539, 543 (Bkrptcy.D.N.J. 1983). Whether to reopen a bankruptcy case and allow amendment of schedules, however, is a matter committed to the sound discretion of the bankruptcy court and is to be decided on a case by case basis. *In Re Rosinski,* 759 F.2d 539 (6th Cir.1985); *Hawkins v. Landmark Finance Company,* 727 F.2d 324 (4th Cir.1984); *Matter of Stark,* 717 F.2d 322 (7th Cir.1983); *Stout v. Prussel,* 691 F.2d 859 (9th Cir.1982).

Although the court recognizes that amendments to schedules are generally to be granted liberally, it also recognizes that a debtor must advance some justification for the reopening sufficient to show that the debtor did not intentionally or recklessly avoid listing the debts because of inattention or neglect. *In re Rosinski,* 759 F.2d 539, 542 (6th Cir.1985); *In re Felder,* 67 B.R. 126 (Bkrptcy.S.D.Cal.1986); *V.I. Bur. of Internal Rev. v. St. Croix Hotel Corp.,* 60 B.R. 412 (D.Virgin Islands 1986); *In re Gray,* 57 B.R. 927, 930 (Bkrptcy.D.R. I.1986); *In re Denson,* 56 B.R. 543 (Bkrptcy.N.D.Ala.1986).

The Court agrees with the bankruptcy court in *In re Smith,* 68 B.R. 897 (Bkrptcy. N.D.Ill.1987) wherein that court was of the opinion that a finding of reckless disregard,

supporting a decision to deny a Motion to reopen a closed case, is warranted when: (1) a debtor knew of the claim before his case was closed; (2) the debtor waited a substantial period of time after the case was closed to move to reopen and amend; and (3) the debtor has no valid justification for the original omission.

In the instant case the debtors admit they were aware of their petition deficiencies as early as the first meeting of creditors January 5, 1988. Yet they inexplicably delayed seeking to amend their schedules until after the case was closed. No excuse was advanced by the debtors for the almost five month delay. The Court finds that the debtors recklessly avoided listing the omitted creditors because of inexcusable neglect and/or inattention. Accordingly, for the foregoing reasons, it is hereby

ORDERED that the debtors' Petition to Reopen their closed Chapter 7 case to add omitted creditors be and hereby is denied.

IT IS SO ORDERED.