In re Wallace R. NELSON and Jane A. Nelson Debtors.

Bankruptcy No. 83–02028.

United States Bankruptcy Court, N.D. Ohio, W.D.

June 2, 1989.

John J. Hunter, Toledo, Ohio, for objectors.

Steven L. Diller, Van Wert, Ohio, for debtors.

## OPINION AND ORDER DENYING DEBTORS' MOTION TO REOPEN CASE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon motion of Debtors to reopen their case and creditors' memorandum in opposition thereto. Upon consideration thereof, the court finds that Debtors' motion is not well taken and should be denied.

### FACTS

On November 17, 1983, Debtors filed their voluntary petition under chapter 11 of title 11. On May 8, 1984, Defiance Production Credit Association and the Federal Land Bank of Louisville, creditors of Debtors' estate, were granted relief from stay to pursue a foreclosure action against certain real estate of Debtors secured by loans granted to them in favor of Debtors. *See* Orders (May 8, 1984) and Memorandum in Opposition at 1 (February 3, 1989). Debtors' case, on July 31, 1985, was converted to a case under chapter 7. A discharge was granted Debtors on November 18, 1986 and the case was closed in July, 1988.

On August 31, 1988, Debtors filed an action against Defiance Production Credit Association, Federal Intermediate Credit Bank of Louisville, Federal Land Bank of Louisville and Farm Credit Services in the Henry County Court of Common Pleas seeking damages arising out of the parties' loan transactions. *See* Motion of Debtors to Reopen Case, Exhibit A and Memorandum in Opposition at 2. During the pendancy of that case, Debtors, on January 17, 1989, filed the instant motion requesting that their case be reopened to permit them to amend their schedules to include this cause of action and to thereafter file an application to abandon this cause of action. Production Credit Association of the Fourth District, Farm Credit Bank of Louisville and Federal Land Bank Association of the Fourth District, successors in interest to Defiance Production Credit Association, Federal Intermediate Credit Bank of Louisville and Federal Land Bank of Louisville (hereinafter objectors) objected to Debtors' motion claiming that reopening Debtors' case would not benefit creditors or permit the administration of any assets. Subsequently, the Henry County Common Pleas Court dismissed Debtors' complaint with prejudice; no appeal of that judgment entry was taken. See Supplemental Memorandum in Opposition at 1 and Exhibit A (March 23, 1989).

On March 23, 1989, a pretrial order was entered directing Debtors to file a brief in support of their motion to reopen within two weeks and granting objectors one week thereafter in which to respond. To date, no brief has been filed by Debtors. Objectors contend that because the cause of action Debtors seek to add to their schedules has been adjudicated, there is now no basis upon which this case should be reopened.

## DISCUSSION

■ Section 350(b) of Title 11 states: [a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the Debtor, or for other cause.

The granting of a motion to reopen is within the court's discretion and the burden of demonstrating circumstances sufficient to justify same is on the moving party. *See V.I. Bur. of Internal Rev. v. St. Croix Hotel Corp.*, 60 B.R. 412, 14 C.B.C.2d 1098 (D.Virgin Islands 1986) (§ 350(b) gives the bankruptcy court broad discretion in reopening which discretion should be exercised only where a compelling reason is demonstrated (citations omitted)), *aff'd* 867 F.2d 169 (3d Cir.1989); *In re Greer*, 89 B.R. 757, 18 B.C.D. 135 (Bkrtcy.S.D.Ill.1988) (reopening is within the court's discretion and the case will be reopened only upon demonstration of compelling circumstances justifying it (citations omitted)); *In re Stanke*, 41 B.R. 379, 12 B.C.D. 483, 11 C.B.C.2d 79 (Bkrtcy.W.D.Mo.1984) (the court must be satisfied that there is compelling cause to reopen (citations omitted)); *Matter of Serafini*, 30 B.R. 606 (Bkrtcy.W.D.Penn.1983) (whether closed bankruptcy case should be reopened to permit Debtor to obtain relief to which he would have been entitled if seasonably applied for is matter within sound discretion of court and burden of establishing proper grounds for allowance of such reopening is on party seeking same (citations omitted)); 2 *Collier on Bankruptcy* ¶ 350.01 at 350–1 (15th ed. 1989) (§ 350 gives court power to reopen a case when such action is deemed necessary by the court in the interest of fairness).

As previously stated, Debtors have failed to file a brief in support of their motion. They request reopening to permit them to add a cause of action and then to abandon said action. This is not a compelling reason justifying the reopening of Debtors' case.

■ Furthermore, objectors contend that Debtors are "guilty of laches" as the cause of action sought to be abandoned by Debtors is "based upon loan transactions that took place as long as twenty-three years ago." Memorandum in Opposition at 5. Although no time limit is specified by the Bankruptcy Code during which a motion to reopen must be filed, such a motion must be brought within a reasonable time; laches may justify denial of such a motion.

*Matter of Gratrix,* 72 B.R. 163 (D.Alaska 1984) (citation omitted). That is,

> [t]he consensus of authority holds that the most important consideration in deciding whether to reopen the case is the timeliness of the motion. At the heart of this view is the doctrine of laches, which not only applies in bankruptcy proceedings but is "an important consideration because the chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period of time.'"

*St. Croix Hotel Corp.,* 60 B.R. at 414 (citations omitted). *See also* 2 *Collier on Bankruptcy* ¶ 350.03 at 350–10 (15th ed. 1989) (laches may be the justification for a refusal to reopen although no time limit is fixed).

 To succeed in this assertion, objectors must demonstrate that Debtors lacked diligence and that prejudice results to them. *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). *See also Matter of Pagan,* 59 B.R. 394 (D.Puerto Rico 1986) (equity assists the vigilent and diligent, not those that sleep on their rights); *In re Rivers,* 89 B.R. 30 (Bkrtcy.E.D.Ark.1988) (denial of a motion to reopen is warranted when (1) Debtor knew of the claim before his case was closed, (2) Debtor waited a substantial period of time after the case was closed to move to reopen and amend, and (3) Debtor has no valid justification for the original omission (citing *In re Smith,* 68 B.R. 897 (Bkrtcy.N.D.Ill.1987)); *Stanke,* 41 B.R. at 382 (reopening would not benefit general estate and would prejudice objecting creditor).

The cause of action which Debtors seek to add to their petition is based upon the loan transactions between Debtors and objectors from 1956 until 1980. Motion of Debtors to Reopen Case, Exhibit A at 2. The instant motion was filed more than five years after Debtors' petition and six months after the close of Debtors' case. Based upon these facts, the court finds that Debtors lack diligence in this matter. Additionally, the cause of action which

Debtors seek to add has been adjudicated by the Henry County Court of Common Pleas. *See* Supplemental Memorandum, Exhibit A. To grant Debtors' motion and permit their amendment would be prejudicial to objectors who have litigated that cause of action to its conclusion in the state court.

 Finally, the court will not grant a motion to reopen when no clear benefit is shown to creditors. *In re Brooks,* 200 F.Supp. 497 (N.D.Ohio 1962). *See also In re Danley,* 14 B.R. 493, 5 C.B.C.2d 296 (Bkrtcy.D.N.M.1981) (phrase "accord relief to Debtor" suggests that if there can be no relief granted, it would be pointless to reopen). Because no benefit will inure to Debtors' estate or their creditors, Debtors' motion should be denied. It is therefore

ORDERED that motion of Debtors to reopen case be, and it hereby is, denied.