In re Larry E. CUMMINGS and Deborah J. Cummings, Debtors.

Bankruptcy No. 93–70536F.

United States Bankruptcy Court, W.D. Arkansas, Fort Smith Division.

Sept. 19, 1994.

Michael Hamby, Booneville, AR, for debtors.

Paul Danielson, Booneville, AR, for Hopkins Const.

Jan K. Nielsen, Trustee, Van Buren, AR.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court is Larry E. and Deborah J. Cummings' (the debtors) Motion to Set Aside Discharge Order and Reopen Case to Accord Further Relief to the Debtors filed on February 15, 1994. The Court held a hearing on May 2, 1994. The parties filed a Joint Stipulation of Facts on July 20, 1994.

### I. *Jurisdiction*

The Court has jurisdiction over this pending matter pursuant to 28 U.S.C. § 1334. Further, the above proceeding is a core proceeding within 28 U.S.C. § 157(b)(2). The following Memorandum Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### II. *Findings of Fact*

The parties have stipulated to the following facts:

#### I.

That the Debtors herein did commence a case under Chapter 7 of the Bankruptcy Code with this Court on September 7, 1993.

#### II.

That the Creditors, James Hopkins and Charles Hopkins, d/b/a Hopkins Construction had obtained a Judgment against the Debtors in the Circuit Court of Logan County, Arkansas, Southern District (Booneville) in Case CIV–92–30 Div. II. That the amount of this judgment dated July 8, 1993 was $2,997.20 with interest thereon in the amount of 8% from July 8, 1993. Interest from July 8th, 1994, at 8% is $248.82 thru July 19, 1994, payable at $.66 per diem.

#### III.

That the above mentioned Judgment consisted of an award for work done to the Debtors['] home, attorneys fees and court costs.

#### IV.

That at the time of the filing of the Debtors' Bankruptcy Petition, they were the owners of a certain tract of real property located in Magazine, Arkansas more specifically described as the East 187 feet of Lots 1 and 4, Block Two Hooper's Second Addition to the Town of Magazine, Logan County, Arkansas. That the Debtors utilized this tract of real property as their home. That in [D]ebtors' Bankruptcy Petition the property was listed in Schedule A—under real property but the debtors failed to list or claim the property as exempt under Schedule C of the Bankruptcy Petition.

#### V.

That at the time the [B]ankruptcy Petition was filed Hopkins had a statutory lien

on the real estate by reason of their judgment.

## VI.

That the [D]ebtors overlooked the statutory lien and the statutory lien was not avoided in the bankruptcy.

## VII.

That the time of the filing of the Bankruptcy, it was estimated that the homeplace was worth approximately what was owed on the property to the Arkansas State Bank in Booneville, Arkansas.

## VIII.

That subsequently on January 27, 1994, a discharge was granted by this Court and the Debtors' case was closed.

## IX.

On January 27, 1994, the Debtors' home burned. That subsequently, Silvey Insurance Companies, the Debtors' insurance company did make available to the Debtors monies sufficient to pay off the Arkansas State Bank holder of the mortgage on this property, plus an additional amount in excess of the Creditors, James Hopkins and Charles Hopkins, d/b/a Hopkins' Construction Judgment lien.

## X.

That Silvey Insurance Company is withholding from the Debtors the sum of $3,500.00 for satisfaction of this Creditors' lien, should a court of competent jurisdiction find that the Creditors, James Hopkins and Charles Hopkins, d/b/a Hopkins Construction, are entitled to the same.

## XI.

That these Debtors did on February 12, 1994, file a Motion to Set Aside Discharge Order and reopen the case to accord further relief to the Debtor.

## XII.

The Creditors, James Hopkins and Charles Hopkins, d/b/a Hopkins Construction have filed a Response to said Motion and they claim they are entitled to that amount of the excess money sufficient to satisfy their statutory judgment lien.

## XIII.

That the parties have agreed to reopen this case for the limited purposes of deciding this matter and the parties have stipulated that this Court has jurisdiction to decide it.

### III.  Conclusions of Law

■ The Court has broad discretion in deciding whether a case can be reopened. *See In re Bianucci*, 4 F.3d 526, 528 (7th Cir.1993).[1] Section 350(b) of the Code provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). There is no doubt that the debtors' motion will bring about the administering of assets and will accord relief to the debtors. Moreover, 11 U.S.C. § 522(f) lien avoidance is sufficient

1. The debtors' brief states "the parties in paragraph IX of their Joint Stipulation of Facts have agreed to reopen this case for the limited purpose of deciding whether the Debtors are entitled to amend their Schedule C and avoid the judicial lien pursuant to 11 USC § 522(f), it is the Debtors' understanding that the issue (whether the case can be reopened) is moot." The debtors have attempted to amend Schedule C of their bankruptcy petition by attaching "An Amended Schedule C" to their brief and asking in the brief that the Court grant the debtors time to provide notice to all creditors.

The creditor's brief asserts that the creditor will be prejudiced if the case is reopened, and then proceeds to argue the merits of the case. The stipulations state "[t]hat the parties have agreed to reopen this case for the limited purposes of deciding this matter and the parties have stipulated that this Court has jurisdiction to decide it."

The Court holds that the "matter" which the parties agree to reopen in the parties' stipulation refers only to the "Motion to Set Aside Discharge Order and Reopen Case to Accord Further Relief to the Debtors." This stipulation does not address the amendment of Schedule C or the avoidance of the lien pursuant to section 522(f) as neither of these pleadings is properly before the Court.

cause for the purposes of § 305(b). *See In re Caicedo,* 159 B.R. 104 (Bankr.D.Conn. 1993). Nonetheless, a debtor may reopen a bankruptcy case to avoid a lien only if there is no finding of prejudice to the creditor. *See In re Bianucci,* 4 F.3d at 528.

The Court finds in the instant case that if the case were reopened so that the debtors could avoid a lien pursuant to section 522(f), there would be prejudice to the creditor. This prejudice could, however, be cured.

In order for the debtors to avoid the creditor's lien, the debtors will have to schedule the insurance proceeds as having derived from a homestead exemption, and then seek a section 522(f) lien avoidance of such exemption. Such an action would, of course, prejudice the creditor as the creditor has not yet had an opportunity to object to such an exemption. This prejudice could be cured by allowing the creditor time, after the exempt property has been scheduled, to object to such exemption.

Whether a debtor may reopen a closed bankruptcy case when the prejudice to a creditor is cured has been handled on a case by case basis. *See In re Parker,* 64 B.R. 402, 404 (Bankr.M.D.Fla.1986) (debtor may reopen case as long as creditor is reimbursed for expenses incurred to enforce liens); *Noble v. Yingling,* 37 B.R. 647, 651 (D.C.Del. 1984) (same); *but see In re Bianucci,* 4 F.3d at 528 (court refused to reopen case when case had been closed for two years and creditor had incurred expenses to revive its judgment) (citations omitted); *Hawkins v. Landmark Fin. Co.,* 727 F.2d 324 (4th Cir.1984) (court refused to reopen case as eight months had elapsed since it was closed and creditor incurred court costs and attorney fees in commencing foreclosure).

In the instant case, the delay between the time the debtors' case was closed and the time the debtors filed a motion to reopen their case, was 16 (sixteen) days. The creditor has not incurred any expenses in reviving its lien, or commencing foreclosure.

IV. *Conclusion*

The Court will grant the debtors' motion to reopen their bankruptcy case. The debtors may file an amendment to Schedule C of their bankruptcy petition, and may file a section 522(f) motion. The creditor is given 30 (thirty) days from the date of notice of the amendment and/or section 522(f) motion to object to the claimed homestead exemption and/or the section 522(f) motion.