**In re Charles Frederick WOLFF.**

**Bankruptcy No. 89–50462 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Nov. 30, 1994.

Tamera Fine–Trail, U.S. Dept. of Justice, Washington, DC, for I.R.S.

William Benton, Pine Bluff, AR, for debtor.

### ORDER GRANTING MOTION TO REOPEN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion to Reopen, filed on July 14, 1994, to which the debtor responded on August 11, 1994. Hearing on the matter was held on November 22, 1994, after which the Court made a ruling on the record. This Order is issued pursuant to the statements made by the Court at the hearing.

The United States seeks to reopen the case, pursuant to 11 U.S.C. § 350, in order to file a complaint to revoke discharge and/or for determination of dischargeability of federal tax liabilities. The United States seeks revocation of the debtor's discharge on the grounds that it did not receive sufficient notice [1] of the bankruptcy case and particular documents filed in the case. Alternatively, the United States seeks to file a complaint to determine dischargeability of the tax debts for which a proof of claim was filed, but not paid through the chapter 13 plan.

---

1. Despite this asserted lack of notice, the United States timely filed a proof of claim in the case.

The debtor resists the motion on the grounds that (1) the United States cites an incorrect provision under which a discharge may be revoked;[2] (2) the United States failed to object to confirmation of the plan such that it is bound by the terms of the confirmed plan; (3) the bankruptcy court has no authority to extend the Chapter 13 case beyond sixty months;[3] and (4) all notices were properly served.

The Bankruptcy Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R.Bankr.Proc. 5010. Section 350(b) is not mandatory, but is within the discretion of the Bankruptcy Court. *In re Cummings*, 172 B.R. 268 (Bankr.W.D.Ark.1994); *In re Rhodes*, 88 B.R. 199, 200 (Bankr.E.D.Ark. 1988). Of course, while Rule 9024(1), Federal Rules of Bankruptcy Procedure, excepts a motion to reopen a case from the one year limitation prescribed in Rule 60(b), the motion must be brought within a reasonable time. *See In re Nelson*, 100 B.R. 905, 906 (Bankr.N.D.Ohio 1989).

The Court finds that there exists cause to reopen the case in order for the creditor to file its complaint inasmuch as the parties dispute whether a debt has been discharged. Resolution of this issue benefits both the debtor and creditor because, until such time as the issue is resolved, the United States could attempt to collect the debt whereas the debtor, obviously, would resist such attempts. Indeed, upon collection efforts, the debtor would likely seek to reopen his own case in order to file a motion for contempt, effectively raising the same issues as those in the proposed complaint. In ei-

ther event, the issue would be placed before the bankruptcy court for determination.

It is of no import that the United States failed to object to confirmation of the plan. Revocation of discharge is independent of any creditor's objection to treatment in a plan, and based upon fraudulent conduct of the debtor rather than any plan provision. Moreover, determination of the dischargeability of the debt is not precluded by the failure to object to confirmation. Indeed, it would appear that determination of dischargeability is necessary in light of fact that the United States filed a secured claim. The federal tax liens would survive the bankruptcy discharge, whether or not payment was provided in the plan for the secured claim. *See* 11 U.S.C. § 522(c); *Kuebler v. United States*, 172 B.R. 595 (E.D.Ark.1994) (Woods, J.) (IRS secured claim passed through Chapter 13 bankruptcy even after discharge). While this is a separate issue from the debtor's personal liability for the debt, the debtor appears to believe that the lien would no longer exist such that reopening the case to determine such issues is to his benefit.

Whether notices were properly served by either the debtor or any other appropriate entity is not an issue before the Court upon the Motion to Reopen. Rather, it appears to be the grounds for which the United States seeks revocation of discharge, one of the causes to be stated in a properly filed adversary proceeding. Clearly, there are grounds to reopen the case to determine the dischargeability of the debt. The Court will permit the United States to also allege a claim under section 1328.[4] Accordingly, it is

**ORDERED** that the Motion to Reopen, filed on July 11, 1994, is GRANTED. The United States shall file its complaint to re-

---

2. While the United States incorrectly cites section 727(a), rather than section 1328, there is no prejudice to the debtor. Neither the debtor's arguments, nor the grounds to reopen are substantively altered despite the fact that a different Bankruptcy Code section was invoked at the hearing. Obviously, the complaint need make the correct legal allegations together with sufficient factual allegations pursuant to Rule 9(b), Federal Rules of Civil Procedure.

3. The fact that plan payments, 11 U.S.C. 1322(c), may not be extended beyond sixty months is

irrelevant. The creditor does not seek modification of the plan nor does it require further payments within the case. Rather it seeks revocation of the discharge or determination of the dischargeability of the debt, neither of which would extend payments under the plan beyond the jurisdictional limit.

4. Of course, whether such a count will withstand a motion to dismiss or succeed at trial remains to be seen.

voke discharge and/or to determine dis- chargeability within twenty (20) days of en- try of this Order.

**IT IS SO ORDERED.**