**In re Angela G. WARD.**

**Bankruptcy No. 92–40179 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 19, 1995.

---

Michael Knollmeyer, Jacksonville, AR, for debtor.

Kendall Black, Little Rock, AR, for Gwatney Chevrolet.

### ORDER DENYING MOTION
### TO REOPEN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's second Motion to Reopen Chapter Seven Case, filed on October 3, 1995. The debtor originally filed her Chapter 7 petition in bankruptcy on January 22, 1992, the schedules for which failed to list Gwatney Chevrolet as a creditor. The debtor received her discharge and the case was closed in May 1992. It was not until March 8, 1995, that the debtor first moved to reopen her case in order to amend her schedules *and* file a complaint to determine the dischargeability of the debt. The Order granting the motion was entered on April 11, 1995, but gave no time limit for filing the complaint to determine dischargeability. Over two months later, on June 28, 1995, the debtor filed a one paragraph document entitled "Amended Schedules." No adversary proceeding was filed. Accordingly, on June 30, 1995, the case was again closed. It was not until October 3, 1995, that the debtor took any action, filing a second Motion to Reopen Chapter 7 Case, stating as grounds that she wished to pursue a complaint to determine the dischargeability of the debt to Gwatney Chevrolet. Although the motion asserts that a complaint was pending, no complaint had in fact been filed with the Clerk of the U.S. Bankruptcy Court.

██ The Bankruptcy Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R.Bankr.Proc. 5010. Section 350(b) is not mandatory, but is within the discretion of the Bankruptcy Court. *In re Cummings,* 172 B.R. 268 (Bankr.W.D.Ark.1994); *In re Rhodes,* 88 B.R. 199, 200 (Bankr.E.D.Ark. 1988). Of course, while Rule 9024(1), Federal Rules of Bankruptcy Procedure, excepts a motion to reopen a case from the one year limitation prescribed in Rule 60(b), the motion must be brought within a reasonable time. *See In re Nelson,* 100 B.R. 905, 906 (Bankr.N.D.Ohio 1989).

██ The Court does not believe that the debtor brought her second motion within a reasonable time. The case was originally closed in May 1992. The first motion to reopen was not filed until April 1995, three years after the case was closed. Although this Court granted the debtor's request for relief on the first motion to reopen, the debtor failed to take the action required to discharge the debt. Indeed, although given an opportunity to remedy her situation, the debtor did not even file her one-paragraph amendment to her schedules for over twelve weeks after the entry of the Order granting her motion to reopen. Under the Order of April 11, 1995, the debtor was to amend her schedules and file a complaint to determine dischargeability. No complaint to determine dischargeability was ever filed during the lengthy twelve week period during which the case was open. Although the case was again closed on June 30, 1995, the debtor did not file her second motion to reopen the case for another three months.

██ The Court believes that, under the totality of the circumstances, the instant motion should not be granted. The debtor waited for three years before filing a first motion to reopen, and, despite being given over twelve weeks to file a simple amendment and a complaint to determine dischargeability, she failed to take action. The debtor then waited an additional three months past the time the case was closed to file another motion to reopen. Debtor delayed taking action not once, but on three occasions: after the case was first closed (three years), after she was given an opportunity to reopen the case (twelve weeks) and after the case was closed a second time (three months). The debtor

squandered her opportunity to determine the dischargeability of the debt in this manner. The instant motion is untimely.[1] Accordingly, it is

**ORDERED** that the debtor's Motion to Reopen Chapter Seven Case, filed on October 3, 1995, is DENIED.

**IT IS SO ORDERED.**

---

1. A state court has concurrent jurisdiction to determine the dischargeability of this debt, *See In re Benham,* 157 B.R. 655 (Bankr.E.D.Ark.1993, assuming its requirements regarding timeliness are met.)