*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

File Name: 16b0004n.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re: JOSEPH EDWARD YONISH III; LEANNE YONISH,

Debtors.

)
)
)
)
)
)
)

No. 15-8006

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Akron.
Case No. 11-54068

Decided and Filed: March 3, 2016

Before: DELK, HARRISON, and LLOYD, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Philip D. Zuzolo, ZUZOLO LAW OFFICES, LLC, Niles, Ohio, for Debtors.

_____

**OPINION**

_____

**MARIAN F. HARRISON**, Bankruptcy Appellate Panel Judge.  Joseph and Leanne Yonish ("debtors") filed this appeal from the bankruptcy court's denial of their motion to reopen their chapter 7 case even though there were no objections filed.  For the reasons stated below, the Panel reverses the bankruptcy court's ruling.

## I.  ISSUE ON APPEAL

Whether the bankruptcy court abused its discretion by denying the debtors' motion to reopen their chapter 7 case in order to avoid judicial liens when no creditor objected or presented evidence of prejudice.

## II.  JURISDICTION

The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court.  28 U.S.C. § 158(b)(6), (c)(1).  A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).  For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotations omitted). The bankruptcy court's order denying the debtors' motion to reopen their bankruptcy case "is a final and appealable order."  *Smyth v. Edamerica, Inc.* (*In re Smyth*), 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012) (citation omitted).

## III.  STANDARD OF REVIEW

Whether to grant a motion to reopen is entrusted to the sound discretion of the trial court, and the bankruptcy court's decision should not be overturned absent an abuse of discretion.  *Id*. (citation omitted).  Findings of fact are only set aside if clearly erroneous, and matters of law are reviewed de novo. *Id*.  "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Gourlay v. Sallie Mae, Inc.* (*In re Gourlay* ), 465 B.R. 124, 126 (B.A.P. 6th Cir. 2012) (quoting *Auletta v. Ortino* (*In re Ferro Corp. Derivative Litig.*), 511 F.3d 611, 623 (6th Cir. 2008)).  "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could

differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000) (citations omitted).

## IV. FACTS

The debtors filed a voluntary chapter 7 petition on October 31, 2011, and received a discharge on March 22, 2012. In their petition, the debtors listed pre-petition judgment liens held by Discover Bank and Chase Bank. The debtors' residence was listed as an asset on Schedule A and as exempt on Schedule C. Discover Bank and Chase Bank both received notice of the bankruptcy filing and of the discharge. The case was then closed on September 17, 2012.

On July 28, 2014, the debtors filed an amended motion to reopen their chapter 7 case in order to avoid these two judgment liens so they could refinance the mortgage on their residence. Proper notice was provided to all interested parties, however, no parties objected. At the hearing held on December 17, 2014, counsel for the debtors admitted that the failure to avoid these liens was his error. The bankruptcy court denied the motion from the bench, stating:

> This motion is not timely filed and there is inadequate grounds to revisit the issue at this time. There was a lack of diligence in pursuing the avoidance of these liens during the course of the case. There is potential for prejudice to lienholders who have seen the case closed and a debtor discharged and have their liens still survive. The delay is unreasonable.
>
> While I appreciate your experience, or lack of experience perhaps, as an objective matter it's unreasonable and there's really no justification for doing it. Under the law of Rule 60 and the applicable procedures, there is no grounds to do that and I don't want to open the door for these cases. I do it occasionally when it's very prompt and there's not an unreasonable delay but that's not the facts in this case.

(Hearing Tr. 3:17-4:8, Bankr. Case ECF No. 41, Dec. 17, 2014).

The bankruptcy court entered the order denying the motion on February 3, 2015:

> From the facts outlined in their Motion and after a review of the docket, it is unrefuted that the Debtors'[sic] had knowledge of the judicial liens they now seek

to avoid at the time they filed their bankruptcy petition. It is also clear that Debtors' counsel did not take the necessary steps, while the Debtors' bankruptcy case was open, to avoid the judicial liens.

A hearing on the Motion was held on December 17, 2014. At the hearing, Debtors' counsel took full responsibility for not filing the necessary documents to avoid the judicial liens, attributing the mistake to attorney error. Having neither heard nor seen any evidence to the contrary, the Court concludes that Debtors' failure to avoid the judicial liens during the pendency of their bankruptcy case constitutes a lack of diligence. In addition to this, the Court must weigh all pertinent factors, including the prejudicial effects reopening the case may have on lienholders, creditors, and other third parties who have relied over the past two years on the Debtors' discharge and their decision not to seek avoidance of the liens at issue. The Court concludes that these prejudicial effects outweigh the benefit the Debtors might receive from reopening their case.

The Court must also deny the Debtors' Motion based on timeliness. Rule 60(c) requires that all motions to reopen be filed within a reasonable time. Because the Motion was filed nearly two years after the case was closed and nearly three years after the liens were scheduled, the Court concludes the Motion was not timely filed. Such delay is unreasonable under the circumstances.

(Order Denying Debtors' Motion to Reopen Chapter 7 Case at 3-4, Bankr. Case ECF No. 38.)

## V. DISCUSSION

Pursuant to 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." When determining whether to reopen, many courts "consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Kapsin,* 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001) (citation omitted). "Courts have long held that avoidance of a judicial lien falls within the ambit of 'cause' to reopen a case, because it presents the potential for relief to the debtor." *In re Oglesby*, 519 B.R. 699, 703 (Bankr. N.D. Ohio 2014) (citations omitted). This does not mean that all motions to reopen to avoid liens should be granted. *In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003).

While the affected creditors did not object to the debtors' motion to reopen, the bankruptcy court held that the motion was barred by the equitable doctrine of laches and the lack of timeliness. Laches is a recognized limitation to a motion to reopen. *Id.* (citation omitted). In applying the doctrine of laches, there are two elements: "(1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party." *EEOC v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 439 (6th Cir. 2006) (citation omitted). As explained by the Sixth Circuit Court of Appeals:

> [L]aches does not result from a mere lapse of time but from the fact that, during the lapse of time, changed circumstances inequitably work to the disadvantage or prejudice of another if the claim is now to be enforced. By his negligent delay, the plaintiff may have misled the defendant or others into acting on the assumption that the plaintiff has abandoned his claim, or that he acquiesces in the situation, or changed circumstances may make it more difficult to defend against the claim.

*Chirco v. Crosswinds Cmtys., Inc.,* 474 F.3d 227, 231 (6th Cir. 2007) (citation omitted).

Because there are two elements, delay alone does not does justify application of the equitable doctrine of laches. *In re Oglesby*, 519 B.R. at 705. "[D]elay may be prejudicial when it is combined with other factors." *In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993) (citation omitted). "Prejudice occurs when there is a change in position during the period of delay, which will cause injury to the rights of the creditor or third parties." *In re Oglesby*, 519 B.R. at 705 (citation omitted).

In the present case, the bankruptcy court found prejudice based on the delay of two years. Because there were no objections, there was no proof regarding whether the affected creditors relied on the debtors' failure to avoid their liens or that their positions were changed during the period of delay. The bankruptcy court abused its discretion by presuming prejudice on the mere fact of the delay. In essence, the bankruptcy court eliminated the second element of laches, finding that delay is the equivalent of prejudice.

The bankruptcy court also denied the motion to reopen on the basis that it was untimely filed. Timeliness is not an independent basis for denying a motion to reopen. Neither 11 U.S.C. § 350(b)

nor Fed. R. Bankr. P. 5010 impose a limit on the time to file a motion to reopen, and the "[p]assage of time *alone . . .* does not *necessarily* constitute prejudice to a creditor sufficient to bar the reopening of a case." *In re Frasier*, 294 B.R. 362, 367 (Bankr. D. Colo. 2003) (emphasis in original) (citations omitted). *See also In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993) (delay alone would not preclude reopening a case, but delay combined with other factors would bar reopening case). The bankruptcy court relied on *In re Nelson*, 100 B.R. 905 (Bankr. N.D. Ohio 1989), in holding that the motion could be denied based on timeliness alone. The *Nelson* court recognized that timeliness was the most important factor in deciding whether to grant a motion to reopen. *Id.* at 907. It did not, however, determine that timeliness was the only factor. Instead, the *Nelson* court recognized that "[a]t the heart of this view is the doctrine of laches," *id.,* and the doctrine of laches requires a showing of prejudice as well. Again, the bankruptcy court abused its discretion by incorrectly applying the legal standard.

## VI. CONCLUSION

For the reasons stated, the bankruptcy court's order denying the debtors' motion to reopen their Chapter 7 case is REVERSED and REMANDED for further proceedings consistent with this Opinion.