**In re Murray W. BRYANT, SSN: 260–60–5118, Debtor.**

**Bankruptcy No. 87–60310–THOM.**

United States Bankruptcy Court, M.D. Georgia, Thomasville Division.

Feb. 3, 1989.

R. Bruce Warren, Thomasville, Ga., for debtor.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for Farmers Home Admin.

ORDER DENYING MOTION TO REOPEN AND FOR RELIEF FROM STAY

JOHN T. LANEY, III, Bankruptcy Judge.

The Debtor has filed a Motion to Reopen this closed Chapter 7 case and a Motion for Relief from Stay in order to allow the Debtor to negotiate with the Farmers Home Administration under The Agricultural Credit Act of 1987, Pub.L. No. 100–233, 101 Stat. 1568. This is a procedure that apparently has been demanded by the Farmers Home Administration as a condition to their negotiating with the Debtor.

Section 362 of the Bankruptcy Code provides an automatic stay of certain acts

against the Debtor or the Debtor's property by creditors because of pre-petition indebtedness. The automatic stay terminates as to an act against property of the estate when the property is no longer property of the estate and as to an act against the Debtor upon the earliest of when the case is closed, the case is dismissed, or a discharge is granted or denied. In no circumstance can the automatic stay continue beyond the closing of the case.

Under certain circumstances, a case which has been closed may be reopened. See 11 U.S.C.A. § 350(b) which provides that:

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Since there is no automatic stay in a case which has been closed, it is nonsensical to request that a case be reopened in order to grant relief from the stay. By the clear language of 11 U.S.C.A. § 362(c)(2)(C), the automatic stay in this case was terminated when the discharge was granted. Reopening the case would not result in a reinstitution of the stay. Even if it did, it wouldn't make any sense to reopen it in order to terminate it again.

Therefore, the Motion to Reopen and the Motion for Relief from the Stay are denied.

SO ORDERED.