L. CHARLES WRIGHT, Retired Appellate Judge.
On February 21, 1990 Robert Cramer loaned Charles Johnson $10,000 with the understanding that Johnson would repay Cramer within a reasonable amount of time. On January 10, 1991 Cramer wrote Johnson a letter requesting payment. Johnson failed to repay the money. On May 9,1991 Cramer filed a complaint in the Circuit Court of Madison County demanding a judgment against Johnson for the amount of the loan. Johnson summarily denied the allegations of the complaint.
On July 3, 1991 Cramer filed a motion for summary judgment, with his affidavit attached. Johnson did not file a response to the motion; rather, he filed a Suggestion of Bankruptcy, advising the court that he had filed an action in federal bankruptcy court requesting that court to reopen his prior bankruptcy proceedings to include Cramer as an unsecured creditor. Attached to the Suggestion of Bankruptcy was the motion Johnson filed in the bankruptcy court which showed that he had filed a Chapter 7 bankruptcy petition in September 1990 and that he had been discharged of his liabilities in December 1990.
On August 21, 1991, following oral proceedings, the trial court granted Cramer’s motion for summary judgment. Johnson filed a motion to set aside the summary judgment, which was denied. Johnson appeals.
Johnson asserts that the trial court erred in holding the hearing and subsequently granting the summary judgment. He insists that his petition in federal court to reopen his bankruptcy proceedings automatically stayed the action in state court.
Bankruptcy Code, 11 U.S.C. § 362 “operates as a stay, applicable to all entities, of— ... the commencement or continuation ... of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case.” The stay ceases to exist when the bankruptcy proceeding is closed, dismissed, or discharge is either granted or denied. 11 U.S.C. § 362(c)(2).
Johnson’s liabilities were discharged in December 1990. The automatic stay expired at that time. Johnson’s suggestion that his petition to reopen the bankruptcy proceedings invoked the automatic stay provision of § 362 is unfounded. While 11 U.S.C. § 350 does provide for a mechanism to revisit a final bankruptcy determination, *982 it does not provide for an automatic stay of any pending proceedings.
Johnson alternatively asserts that if the § 362 automatic stay was not applicable to this action, the trial court should have allowed a continuance pursuant to Rule 56(f), Alabama Rules of Civil Procedure.
Rule 56(f), A.R.Civ.P., provides:
“Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order that is just.”
The party seeking to invoke a Rule 56(f) continuance must state his reasons, via affidavit, why he cannot present essential facts. Malloy v. Sullivan, 455 So.2d 12 (Ala.1984). Johnson did not request a continuance and did not file an affidavit stating the reasons for his failure or inability to obtain essential facts to justify his opposition to the motion. The court could not err for not doing something which it was never requested to do.
Johnson finally asserts that the trial court erred in granting summary judgment because there was a genuine issue of material fact.
In considering Cramer’s motion for summary judgment, the court had before it only the pleadings and the affidavit submitted by Cramer. Cramer’s affidavit, which was based upon his personal knowledge, constituted undisputed evidence that Johnson breached his agreement to repay Cramer the $10,000 he had loaned him. Johnson did not present any evidence to rebut Cramer’s verified facts.
“A party may not rely on the allegations of his pleadings alone to support or oppose the motion for summary judgment, but must instead provide the court with at least one of the kinds of evidence called for by Rule 56, and that evidence must set out sufficient facts to indicate a genuine issue for trial.” Crowder v. Correctional Medical Systems, 497 So.2d 486 (Ala.1986).
Because Johnson failed to respond to the motion, the trial court had no alternative but to consider the evidence presented by Cramer as uncontroverted. Harold Brown Builders, Inc. v. Jordan Co., 401 So.2d 36 (Ala.1981). There being no material issue of fact, we agree with the trial court and find that Cramer was entitled to judgment as a matter of law. The grant of summary judgment was proper.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.